UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Criminal No. 04-95 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| CHARLES D. CONWAY, | : | |
| | : | |
| Defendant . | : | |
| | : | |

**CHESLER**, District Judge

  This matter comes before the Court upon two motions by Defendant Charles D. Conway ("Defendant") for an Order directing the Plaintiff, United States of America (the "Government"), to produce certain documents and materials. The first motion was filed on September 3, 2008 (the "September 3 motion") [docket item no. 26], and the second motion was filed on September 9, 2008 (the "September 9 motion") [docket item no. 29]. Defendant argues that he needs the documents and materials to prepare a motion collaterally attacking his conviction pursuant to 28 U.S.C. § 2255. The Government has submitted its response to each of the motions. For the following reasons, the Court will dismiss a portion of the September 3 motion as moot and deny the remainder of the motion. The Court will deny the September 9 motion in its entirety.

  In the September 3 motion, Defendant asks for production of his own grand jury testimony. He also requests that the Court provide him with a copy of the transcripts of his February 9, 2004 arraignment and bail hearing, his March 31, 2004 plea hearing and his December 6, 2004 sentencing. He requests these items from the Court at no charge, claiming

indigency and the need to access those items to prepare his § 2255 petition.  As to the transcript of Defendant's grand jury testimony, Defendant's motion for production is moot.  The Government has submitted a letter to the Court stating it does not oppose the request and confirming that it has sent a copy of the transcript to Defendant via certified mail.  As for the transcripts of various court proceedings, Defendant provides no legal or factual support for his request to receive the court records at no charge.  He does not indicate that he has tried but failed to obtain the transcripts from the attorney who represented him in this criminal action.  He also provides no affidavit or other evidence demonstrating his claimed indigency.  Thus, insofar as the September 3 motion requests transcripts of court proceedings free of charge, the motion will be denied.

      The September 9 motion seeks production by the Government of the transcripts of any conversations between Defendant and a third-party named "Michelle" that occurred during the month of October, 2003.  He also asks that the Government turn over the transcript of Michelle's grand jury testimony.  He argues that he needs these items to prepare his § 2255 motion on the basis of ineffective assistance of counsel.  The Court agrees with the Government that Defendant has failed to demonstrate his entitlement to these materials.  The Court cannot discern, nor does Defendant explain, what relevance his conversations with a third-party may have with respect to an ineffective assistance of counsel argument.  As to the grand jury testimony, Federal Rule of Criminal Procedure 6(e)(2)(B) prohibits the Government from disclosing the transcript, and Defendant has not argued or demonstrated that the transcript sought falls within any of Rule 6's exceptions.

      Finally, the September 9 motion also asks that the Court order the Government to provide

Defendant with his own medical records for the period of time that Defendant was incarcerated at the Monmouth County Jail, which Defendant states was from February 9, 2004 to January 12, 2005. Defendant maintains he needs these records to demonstrate that at the time of his legal proceedings, he was not competent to make reasoned decisions with respect to this action. He also claims that the medical records will further support his ineffective assistance of counsel claim. The request that the Government produce the medical records will be denied. Defendant's medical records are not within the sole control of the Government, and Defendant may obtain his own medical records independently.

Accordingly, for the reasons discussed above,

**IT IS** on this 15th day of December, 2008,

**ORDERED** that insofar as Defendant's September 3 motion to produce [docket item no. 26] seeks production of Defendant's grand jury testimony, the motion be and hereby is **DISMISSED AS MOOT**; and it is further

**ORDERED** that insofar as Defendant's September 3 motion to produce [docket item no. 26] seeks production of the transcripts of various court proceedings, the motion be and hereby is **DENIED**; and it is further

**ORDERED** that Defendant's September 9 motion to produce [docket item no. 26] be and hereby is **DENIED**.

           s/ Stanley R. Chesler
           STANLEY R. CHESLER
           United States District Judge