UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Criminal No. 04-95 (SRC)** |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| CHARLES D. CONWAY, | : | |
| | : | |
| Defendant . | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

  This matter having come before the Court upon two motions by Defendant Charles D. Conway ("Defendant"): a motion to toll the statute of limitations for filing a petition for habeas corpus pursuant to 28 U.S.C. § 2255 [docket entry 39] and a motion compel the Bureau of Prisons ("BOP") to provide Defendant access to the Rutgers Law School Library [docket entry 40]; and Plaintiff United States of America (the "Government") having opposed the motions; and

  **IT APPEARING** that 28 U.S.C. § 2255 provides for a one-year statute of limitations;[1] and it further

  **APPEARING** that while the Third Circuit has recognized that the one-year limitations period may be subject to equitable tolling, it has held that such tolling is appropriate only "when the petitioner has in some extraordinary way been prevented from asserting his or her rights;"[2]

---

[1] 28 U.S.C. § 2255(f).

[2] Fay v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

and it further

**APPEARING** that Defendant's only grounds for moving for an order tolling the statute of limitations is his assertion that the residential re-entry center ("RRC") where he is currently in custody does not have a law library and that he has not been permitted to leave the facility to access a library; and it further

**APPEARING** that Defendant, however, states in his reply papers that he is in fact currently provided with access to the law library at Rutgers University and that he is allowed to go to the library twice a week for four hours at a time; and it further

**APPEARING** that Defendant complains that the visits should be greater in frequency and longer in duration for him to have a meaningful opportunity to prepare his 28 U.S.C. § 2255 petition; and it further

**APPEARING** that Defendant has failed to demonstrate that he has been prevented from asserting his rights to file a 28 U.S.C. § 2255 petition in some "extraordinary way;" and it further

**APPEARING** that while an inmate's constitutional right to "meaningful access to the courts" requires that prison authorities provide "adequate law libraries or adequate assistance from persons trained in the law,"[3] Defendant has not shown a lack of access to an adequate library nor has he shown that any alleged inadequacies have hindered his efforts to bring a timely petition under 28 U.S.C. § 2255;[4] and it further

---

[3] Bounds v. Smith, 430 U.S. 817, 823 (1977).

[4] Lewis v. Casey, 518 U.S. 343, 351-53 (1996) (requiring that inmate complaining that his right to meaningful access to the courts must show that alleged inadequacy of law library caused him actual injury, that is, frustrated his ability to bring a non-frivolous claim).

**APPEARING** that Defendant has failed to demonstrate that the Court should order the BOP to provide him greater access to some off-site library, such as the Rutgers Law School library, or that the Court should toll the statute of limitations applicable to a petition under 28 U.S.C. § 2255 until such time the increased access to an off-site library is provided; therefore,

**IT IS** on this 31st day of August, 2009,

**ORDERED** that Defendant's motion for an order equitably tolling the statute of limitations for filing a petition for habeas corpus pursuant to 28 U.S.C. § 2255 [docket entry 39] be and hereby is **DENIED**; and it is further

**ORDERED** that Defendant's  motion compel the BOP to provide Defendant access to the Rutgers Law School Library [docket entry 40] be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge