## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Criminal No. 04-95 (SRC)** |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| CHARLES D. CONWAY, | : | |
| | : | |
| Defendant . | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the motion filed on October 23, 2012 by Defendant Charles D. Conway ("Defendant" or "Conway") for the return of certain property seized by federal agents at the time of his arrest in 2004 [docket entry 47].  In particular, he asks for the return of computer equipment, financial records and his United States passport.  He also seeks the return of personal property located inside the Beach Haven, New Jersey real property at the time it was forfeited, arguing that such personal property was not subject to the forfeiture to which Conway consented.

The Government responds that the computer equipment was returned on April 22, 2005 to Kate and Karen Conway.  It has submitted a copy of a list of such items with the witnessed signature of Kate Conway, acknowledging the turnover of various electronic and computer equipment to her on that date.  The Government further states that all documents seized from Defendant were destroyed.  Thus, with regard to the equipment and financial records seized in connection with Conway's arrest, there is simply nothing in the Government's possession to return to Conway.

As for the contents of the Beach Haven, New Jersey residence, the Government notes that although Conway agreed to the forfeiture of the property as part of the March 3, 2004 Consent Judgement and Preliminary Order of Forfeiture, that order was vacated by the Court, in light of the fact that Conway sold the real property as part of his plea agreement.  The Government further informs the Court that the proceeds from that sale were transferred to the victim of Conway's crime.  The Government states that it has no record of the sale itself, nor of the personal property within the residence, nor whether the sale included the personal property stored in the house.

Finally, the Office of the United States Attorney states that it is not in possession of Conway's passport.  It informs the Court that it is standard practice that a passport is turned over to the State Department if a defendant in sentenced to a term of incarceration of over one year. Conway was sentenced to 78 months' imprisonment.  Conway's recourse appears to be to contact the State Department to inquire about the return of his current passport or about the process of applying for a new one to be issued.

Accordingly, for the foregoing reasons,

**IT IS** on this 11th day of December, 2012,

**ORDERED** that Defendant Conway's motion for the return of certain property [docket entry 47] be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

2